UNITED STATES of America ex rel.
Hezekiah THOMAS

v.

Alfred T. RUNDLE, Superintendent
Graterford Correctional Institu-
tion, et al.

Civ. A. No. 69–3040.

United States District Court,
E. D. Pennsylvania.

Feb. 20, 1974.

Martin Vinikoor, Philadelphia, Pa., Michael Morris, Legal Intern, for plaintiff.

Michael Minkin, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

FOGEL, District Judge.

Hezekiah Thomas instituted this civil rights action pursuant to the provisions of 28 U.S.C. §§ 1343, 1443–1446, 2201, 2202 and 42 U.S.C. §§ 1981, 1983, 1985 and 1988. Plaintiff alleges the following: (1) he was sadistically beaten by county correctional officers while incarcerated at Holmesburg Correctional Institution on April 20, 1969; (2) he was transferred from Holmesburg to the State Correctional Institution at Graterford, Pennsylvania and placed in punitive solitary confinement from June 20 to June 30, 1969; (3) he was thereafter transferred to the State Correctional Institution at Pittsburgh on August 28, 1969, where he was again placed in solitary confinement until September 3, 1969; and (4) he was once more put in solitary confinement on December 2, 1969, in a cell without bedding and was the victim of barbarous treatment while so imprisoned. Plaintiff also avers that he had been locked in solitary confinement in these institutions without having violated any institutional rules or regulations. Plaintiff further charges that these prison superintendents and other officials of the institutions have conspired to subject him to cruel and unusual punishment in violation of his constitutional rights.

■ Defendants Rundle and Mazurkiewicz and Defendant Brierley have filed separate motions to dismiss the complaint. Defendants Rundle and Mazurkiewicz jointly have moved the court to dismiss the complaint against them on the ground of ineffective service of process. In the instant action 'service was attempted by leaving copies of the complaint at the State Correctional Institution at Graterford on December 28, 1971. The court is informed by affidavit that defendant Rundle had resigned from his position as the Superintendent of the State Correctional Institution at Graterford on May 23, 1971. The motion to dismiss the complaint against Rundle is unopposed by plaintiff, and that motion will be granted. *Cf.* Mitchell v. Hendricks et al, No. 72–2184 (E. D.Pa., filed June 4, 1973).

The court is also informed by affidavit that defendant Mazurkiewicz was transferred in January, 1970, from the State Correctional Institution at Philadelphia to the State Correctional Institution at Graterford, where he served as Co-superintendent; and that on August 13, 1970, he was appointed Superintendent at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, which post he still occupies.

The Federal Rules of Civil Procedure allow service to be made upon certain individuals "in the manner prescribed by the law of the state in which the district court is held . . ." Rule 4(d)(1), (7), Federal Rules of Civil Procedure. Rule 1009(b)(2)(iii), Pennsylvania Rules of Civil Procedure, 12 P.S. Appendix, provides that service may be made "by handing a copy [of the complaint or summons] at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."

In providing that service may be made "at any office or usual place of business of the defendant", the rule lends itself to broad construction. In addition, Rule 126, Pennsylvania Rules of Civil Procedure, provides for a liberal construction and application of the rules:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

■ In the instant action, service was made by delivering copies of the complaint at the State Correctional Institution at Graterford on December 28, 1971, to the records officer of that institution. Defendant Mazurkiewicz, who had been transferred to a different state correctional institution, contends that he was no longer an employee of the State Correctional Institution at Graterford at the time of attempted service, and that service was therefore insufficient.

Defendant Mazurkiewicz has been employed at each of several institutions by the same employer, the Commonwealth of Pennsylvania. At each institution this defendant has been represented in prisoners' civil rights suits by the Attorney General of Pennsylvania, counsel for all the named defendants in this action. We do not believe that any right of the defendant Mazurkiewicz is adversely affected by construing the Pennsylvania rule providing for service "at any office or usual place of business of the defendant . . ." in a manner which validates service upon defendant Mazurkiewicz in this action, and we so hold. Rule 1009(b)(2)(iii), Pennsylvania Rules of Civil Procedure.

Defendant Brierley, in his motion, has urged dismissal of this action against him on four grounds: (1) improper venue; (2) failure to state a claim upon which relief can be granted in alleging transfers from one prison to another; (3) failure to state a claim upon which relief can be granted in alleging cruel and unusual punishment; and (4) failure to implicate defendant Brierley individually.

■ The relevant venue provision, 28 U.S.C. § 1391(b) provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Plaintiff has alleged a conspiracy between the defendants, operative acts of which are alleged to have occurred within the eastern as well as the western district of Pennsylvania. Accordingly we conclude that venue is properly laid in this district.

■ With respect to alleged infringement of his due process rights guaranteed him by the Fourteenth Amendment, plaintiff has made sufficiently specific allegations of unconstitutional conduct to withstand a motion to dismiss. *See* Gray v. Creamer, 465 F.2d 179, 182, n.2 (3d Cir. 1972). "[A] motion to dismiss a complaint, including a prisoner's civil rights complaint, for failure to state a claim upon which relief can be granted is subject to a very strict standard." Gray v. Creamer, *su-*

*pra* at 181. A *pro se* complaint is not held to stringent standards of formal pleadings, Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) and a "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also* J. Moore, 2A Moore's Federal Practice, ¶12.08 at 2265–86 (1972).

■ At this juncture we cannot say as a matter of law that plaintiff cannot possibly adduce any facts which would establish a cause of action. The United States Court of Appeals for the Third Circuit has held that "the transfer of a prisoner from the general prison population to solitary confinement without either notice of the charges or a hearing does not, absent unusual circumstances, . . . meet minimal due process requirements." Gray v. Creamer, *supra,* 465 F.2d at 185. *See* Braxton v. Carlson, 483 F.2d 933 (3d Cir. 1973); United States ex rel. Tyrrell v. Speaker, 471 F.2d 1197 (3d Cir. 1973); United States ex rel. Neal v. Wolfe, 346 F.Supp. 569 (D.C.1972).

In addition to asking for declaratory and injunctive relief for continuing conspiracy by the defendants, plaintiff has also asked for damages. We deem it premature at this stage of the proceedings to determine definitively whether plaintiff is entitled to damages because his due process rights may have been violated by the alleged punitive confinement and demotional transfers from one prison to another. *Cf.* Braxton v. Carlson, *supra*; United States ex rel. Bracey v. Rundle, 368 F.Supp. 1186 (E.D.Pa., dated November 29, 1973) (Lord, C. J.);

United States ex rel. Neal v. Wolfe, *supra.*

■ Defendant Brierley also contends that plaintiff's allegations of cruel and unusual punishment do not state a viable cause of action. Although solitary confinement in and of itself is not cruel and unusual punishment, conditions of imprisonment have been found to exist which are sufficiently harsh so as to violate the proscriptions of the Eighth Amendment. *See* Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed. 2d 758, reh. den., 371 U.S. 905, 83 S.Ct. 202, 9 L.Ed.2d 166 (1962); Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L. Ed.2d 630 (1958); Gittlemacker v. Prasse, 428 F.2d 1 (3d Cir. 1970); United States ex rel. Bracey v. Rundle, *supra; see also* C. J. Antieau, Federal Civil Rights Acts § 63 (1971, 1973 suppl.). Plaintiff's allegations of barbarous treatment during solitary confinement are sufficient to withstand a motion to dismiss.

■ As for defendant Brierley's contention that plaintiff has failed to allege individual action on his part, we hold that this defendant is sufficiently implicated individually in the allegations of punitive confinement, demotional transfer, and cruel and unusual punishment so as to preclude dismissal of the action against him at this phase of the litigation. We therefore do not find it necessary to determine the applicability of the doctrine of *respondeat superior.*

If, after defendants Brierley and Mazurkiewicz have filed answers to the complaint and all of the parties have utilized the discovery machinery available to them, it then becomes clear that no genuine issue as to any material fact exists, defendants may move for summary judgment under Rule 56, Federal Rules of Civil Procedure.