Jabez BROWN and Hilmer
Brown, Plaintiffs,

v.

ROCHESTER SUPER 8 MOTEL, Kathy
Iaculli, Michael Iaculli, Defendants.

No. 94 Civ. 9021.

United States District Court,
S.D. New York.

Sept. 25, 1995.

Gary Greenwald, Goshen, NY, for Plaintiffs.

Edward F. Premo, Harter Secrest & Emery, Rochester, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

Plaintiffs Jabez and Hilmer Brown have brought this action against Rochester Super 8 Motel, Kathy Iaculli and Michael Iaculli pursuant to Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a which prohibits places of public accommodation from discriminating on the basis of race.

Presently before the Court is defendants' motion to change venue pursuant to 28 U.S.C. § 1406(a) which grants a district court the discretionary power to dismiss or transfer any civil action in a district with improper venue to a district court where it should have been brought. Plaintiffs have not submitted any papers in opposition to this motion.

Because this case arises out of federal civil rights law, the appropriate venue statute is 28 U.S.C. § 1391(b) which mandates that a case not founded solely on diversity of citizenship may be brought only in (1) a district where any defendant resides if they all reside in the same state; (2) a district where a substantial part of the events giving rise to the claim took place; or (3) a district where any defendant may be found, if there is no other district where the case may be brought.

We find that transfer in this action is proper. While the plaintiff selected a forum in the Southern District of New York, the action cannot be brought in this district because it does not comply with the mandates of Section 1391. None of the Defendants lives in the Southern District of New York as required by subsection (1); The Rochester Super 8 Motel, Inc. is a New York Corporation. Its principal place of business is located within the Western District of New York. Moreover, the corporation operates two businesses, both of which are located in the Western District of New York. Additionally, the individual defendants, Kathy and Michael Iaculli, who are both corporate shareholders of the corporate defendant, reside within the Western District of New York. As for subsection (2), all the events which underlie the claim occurred in the Western District of New York. Finally, it is not alleged that the defendants "may be found" in the Southern District of New York.[1] For these reasons,

1. Because subsections (1) and (2) establish venue in the Northern District of New York, part (3) is

only the Western District of New York has the proper venue.

## CONCLUSION

For the reasons stated above, defendants' motion to transfer is granted. The Clerk of the Court is hereby directed to transfer this action to the Western District of New York.

**SO ORDERED.**

not pertinent to this case. See *Friedman v. Revenue Management of New York, Inc.,* 839 F.Supp 203, 206 (S.D.N.Y.1993).