Anthony D. AMAKER, Plaintiff,

v.

Deputy Superintendent Gayle HAPONIK, Deputy Superintendent George Schneider, Acting First Superintendent Dennis Bilden, Superintendent Christopher Artuz and Sgt. Jose Maldonado, C.O. Brady, C.O. McDonnell, and Sgt. John Doe, Defendants.

No. 98 CIV. 2663 (JGK) (JCF).

United States District Court, S.D. New York.

Dec. 22, 2000.

Anthony D. Amaker, Clinton Correctional Facility, Dannemora, NY, pro se.

Stacy R. Sabatini, Assistant Attorney General, New York City, for defendants.

## MEMORANDUM AND ORDER

FRANCIS, United States Magistrate Judge.

This case presents the issue of whether a proposed amendment must be rejected as futile when the district where the action is

pending is not a proper venue for the additional claims. Anthony D. Amaker, a prison inmate, has filed a motion to amend and supplement his complaint to raise claims under 42 U.S.C. §§ 1983 & 1985(3) [1] against twenty additional defendants. He alleges that these defendants interfered with his mail, violated his right of access to the courts, conspired and discriminated against him on the basis of race, retaliated against him for filing grievances with the New York State Department of Correctional Services ("DOCS") and for initiating lawsuits in this Court, and denied him proper medical treatment.[2] The defendants oppose the plaintiff's motion on the grounds that allowing the amendment will cause undue delay and that the new claims are futile. For the following reasons, the plaintiff's motion to amend and supplement his complaint is denied.

*Background*

Mr. Amaker is currently incarcerated at the Clinton Correctional Facility ("Clinton"), located in Dannemora, New York. He filed his original complaint on April 15, 1998, while still a prisoner at the Green Haven Correctional Facility ("Green Haven"), located in Stormville, New York. In that complaint, the plaintiff alleged that defendants Christopher Artuz, Superintendent of DOCS; Acting First Superintendent Dennis Bilden; Deputy Superintendents Gayle Haponik and George Schneider; Sergeant Jose Maldonado; Corrections Officer ("C.O.") Brady; C.O. McDonnell; and Sergeant John Doe, an otherwise unidentified supervisor of Green Haven's package room, engaged in acts designed to deprive Mr. Amaker of his civil rights. (Compl.¶ IV). The plaintiff's arguments appear to be that the defendants retaliated against him because of grievances and lawsuits he had filed against DOCS officials and Green Haven personnel, violated his right of access to the courts, violated his First Amendment right to receive incoming mail; discriminated against him based on his race; and violated two court decrees.[3] (Compl.¶ IV). The defendants moved to dismiss on the grounds that the plaintiff's claim of denial of access to the courts was barred pursuant to 42 U.S.C. § 1997e(e) [4] and that the plaintiff failed to state a claim for retaliation and denial of access to the courts. (Memorandum of Law in Support of Defendants' Motion to Dismiss the Complaint dated August 24, 1998, at 5, 8, 12). The Honorable John G. Koeltl, U.S.D.J., dismissed the claim concerning alleged consent decree violations. (Opinion and Order dated February 15, 1999 ("First Opinion and Order"), at 24). However, he denied the defendants' motion to dismiss the plaintiff's First Amendment claim for interference with his mail, and he dismissed the plaintiff's race discrimination, retaliation, and access to the courts claims with leave to replead. (First Opinion and Order at 23–24).

On April 8, 1999, the plaintiff filed an amended complaint. Mr. Amaker again asserted claims of interference with his mail, racial discrimination, retaliation, due process

---

1. Section 1983 provides, in part, that:

 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

 Section 1985(3) states, in part, that:

 [i]n any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

2. The plaintiff actually asserts nine separate causes of action in his proposed amended complaint. (Supplemental Complaint dated June 21, 2000 ("Supp.Compl."), at 25–29). However, several of his claims overlap and their substance has been summarized above.

3. The plaintiff did not separately enumerate any causes of action. Nevertheless, his claims can be discerned from the factual background given in the original complaint.

4. 42 U.S.C. § 1997e(e) provides that "[n]o [f]ederal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

violations, and denial of access to the courts. He also argued that some of the defendants were deliberately indifferent to his need for medical treatment. (Amended Compl. ¶¶ V–X). The defendants moved to dismiss the complaint for failure to state a claim. (Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Complaint dated June 3, 1999, at 14, 17, 21, 25, 33). Judge Koeltl dismissed the plaintiff's denial of medical care and due process claims and dismissed the plaintiff's equal protection claim with leave to replead. (Opinion and Order dated March 28, 2000 ("Second Opinion and Order"), at 15). He also denied the defendants' motion to dismiss the plaintiff's claims of First Amendment violations, retaliation, and denial of access to the court. (Second Opinion and Order at 15).

The plaintiff now moves to amend and supplement his complaint, seeking to reallege substantially the same claims [5] against twenty new defendants: Superintendent Glenn S. Goord, Deputy Superintendent Daniel A. Senkowski, Dr. I. Ellen, Dr. K. Lee, Dr. Lester N. Wright, M. Niskoff, a nurse, Sergeant L. Coryer, Sergeant A. Provane, Sergeant R. Rivers, C.O. Gideon, C.O. Gordon, C.O. Lincoln, C.O. Linsey, C.O. Rivera, M. Allard, R. Girdich, M. McKinnon, J. Mitchell, J. Woods, and H. Worley.[6] The plaintiff's new allegations concern events at Clinton, and all the additional defendants, with the exception of Superintendent Goord and Dr. Wright, apparently work there.[7]

*Discussion*

### A. *Analytical Framework*

■ Under Rule 15(a) of the Federal Rules of Civil Procedure, a motion to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a); *see also Cortec Industries, Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir.1991); *Van Ever v. New York State Department of Correctional Services at Sing Sing Correctional Facility*, No. 99 Civ. 12348, 2000 WL 1727713, at *4 (S.D.N.Y. Nov. 21, 2000). Notwithstanding the liberality of the general rule, "[t]he decision to grant or deny leave to amend rests within the discretion of the trial court," *Northern Assurance Co. of America v. Square D Co.*, 201 F.3d 84, 87 (2d Cir.2000) (citation omitted), and for the proper reasons, a court may deny permission to amend in whole or in part. *See, e.g., Shane v. Tokai Bank, Ltd.*, Nos. 96 Civ. 5187, 96 Civ. 8351, 1997 WL 257480, at *1 (S.D.N.Y. May 15, 1997); *H.L. Hayden Co. v. Siemens Medical Systems, Inc.*, 112 F.R.D. 417, 419 (S.D.N.Y. 1986). In discussing the criteria for use of this discretion, the Supreme Court has directed that

> ■n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should ... be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (quoting Fed.R.Civ.P. 15(a)).[8]

### B. *Undue Delay*

■ The defendants first argue that the plaintiff's proposed amendment will cause undue delay because it introduces "new and unrelated claims, concerning events that occurred in different years and ... involv[ed]

---

**5.** In fact, the language of the first six of the nine causes of action asserted in the present amended complaint tracks almost verbatim the wording of Mr. Amaker's First Amended Complaint. In addition, the three remaining claims largely overlap with the previous six.

**6.** The names and titles have been replicated from the papers submitted by the parties.

**7.** The plaintiff asserts that all of the new defendants "are employed by ... [Commissioner] Goord to work at [Clinton.]" (Supp. Compl. at 4). He later alleges that Dr. Wright works in Albany, New York. (Affidavit in Reply to Defendants' Opposition dated July 28, 2000, at 2).

**8.** The new claims asserted by Mr. Amaker arose after he commenced this litigation. Accordingly, he has moved for leave to supplement the complaint under Rule 15(d) as well as to amend under Rule 15(a). The legal standards, in any event, are identical. *See Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir.1995); *Duran v. City of New York*, No. 96 Civ. 4219, 1999 WL 294989, at *1 (S.D.N.Y. May 10, 1999).

different personnel assigned to ... correctional facilities other than Green Haven." (Defendants' Memorandum of Law in Opposition to Plaintiffs [sic] Motion to Amend the Complaint Pursuant to FRCP 15(a) & (c) dated July 10, 2000 ("Def.Memo."), at 5–6). Mere delay without some showing of bad faith or prejudice is not a sufficient basis for denying leave to amend. *See Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993); *see also State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981); *Hazeldine v. Beverage Media, Ltd.*, No. 94 Civ. 3166, 1997 WL 469597, at *14 (S.D.N.Y. Jan. 28, 1997).

■ The defendants do not contend that the plaintiff filed this motion in bad faith, and there is no apparent reason to conclude that he did. However, an amendment in this case would be prejudicial to the defendants. In assessing what constitutes prejudice, the court should consider whether "the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350 (citations omitted).

■ The first two factors in *Block* weigh heavily against the plaintiff. Mr. Amaker's new claims concern numerous new incidents at a different correctional facility involving twenty additional defendants. Furthermore, the plaintiff filed this motion shortly before the deadlines for completing discovery and submitting pretrial motions were set to expire,[9] (Order dated April 25, 2000). To allow Mr. Amaker to amend or supplement his complaint at this point would require the defendants to devote substantial additional resources to discovery and trial preparation and significantly delay the resolution of Mr. Amaker's current claims. *See Block*, 988 F.2d at 350; *see also Fluor*, 654 F.2d at 856

(substantial additional discovery as factor against allowing amendment). Thus, the plaintiff's motion to amend his complaint is likely to cause undue delay and must be denied for that reason.

### C. Venue

■ The defendants also assert that the plaintiff's motion should be denied as futile because this district is not a proper venue for bringing the additional claims.[10] (Def. Memo. at 7). An amendment is considered futile if the new claims could not survive a motion to dismiss. *See United States v. Immigration and Naturalization Service*, No. 99 Civ. 11609, 2000 WL 943348, at *1 (S.D.N.Y. July 10, 2000); *see also Health–Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990)(leave to amend denied "where ... there is no merit in the proposed amendments"). Therefore, the proposed amended complaint would be futile if the new claims would not survive a motion to dismiss for improper venue.

On a motion to dismiss, the factual allegations in the complaint are accepted as true, and all reasonable inferences are drawn in the plaintiff's favor. *See Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir.2000); *Gonzalez–Jimenez v. United States*, 99 Civ. 3772, 2000 WL 1448628, at *2 (S.D.N.Y. Sept. 28, 2000). Thus, dismissal of a complaint is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sims*, 230 F.3d at 20 (2d Cir.2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Moreover, a *pro se* litigant is given special latitude when the court decides whether to dismiss his complaint. *See Gonzalez–Jimenez*, 2000 WL 1448628, at *2; *Gaston v. Gavin*, No. 97 Civ. 1645, 1998 WL 7217, at *1 (S.D.N.Y. Jan. 8, 1998), *aff'd*, 172 F.3d 37 (2d Cir.1998)

---

**9.** The original deadline for completion of discovery was stayed only for the purpose of resolving the plaintiff's current motion to amend his complaint. (Memorandum Endorsement dated June 19, 2000).

**10.** The defendants also argue that the plaintiff's new claims are futile in that (1) Dr. Wright's conduct does not rise to the level of a constitu-

tional violation and (2) the plaintiff fails to state an equal protection claim. (Def. Memo. at 10, 16). However, the issue of the futility of Mr. Amaker's amendment can be fully disposed of by addressing the propriety of venue for his new claims; thus there is no need to consider the defendants' additional arguments.

(table). Even under these liberal standards, however, the plaintiff's effort to amend and supplement his complaint is futile because Mr. Amaker cannot establish that the Southern District of New York is the proper venue for his claims. *See Schneeweis v. Northwest Technical College*, No. Civ. 97–1742, 1998 WL 420564, at *10 (D. Minn. June 1, 1998); *see also PI, Inc. v. Quality Products, Inc.*, 907 F.Supp. 752, 765 (S.D.N.Y.1995) (assuming futility of potential amendment because venue would be improper); *Odom Offshore Surveys, Inc. v. Honeywell, Inc.*, No. Civ. A. 87–346–B, 1992 WL 796052, at *3 (M.D.La. April 29, 1992) (contract's forum selection clause controls venue and amendment is futile because venue lies elsewhere).

Once a defendant has objected to venue under the Rule 12(b)(3) of the Federal Rules of Civil Procedure, the court has the power to dismiss or transfer the case, *see* 28 U.S.C. § 1406(a),[11] and the plaintiff carries the burden of showing that venue is proper. *See ZPC 2000, Inc. v. The SCA Group, Inc.*, 86 F.Supp.2d 274, 276 (S.D.N.Y.2000). Venue in this case, as in all federal question cases, is appropriate in:

(1) a judicial district where any defendant resides, if all defendants reside in the same state,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *see also Anonymous v. Kaye*, No. 94 Civ. 2882, 1995 WL 617795, at *1–2 (S.D.N.Y. Oct. 19, 1995), *aff'd*, 104 F.3d 355 (2d Cir.1996)(table); *Akbar, Islam v. Cuomo*, No. 94 Civ. 7757, 1995 WL 539638, at *1 (S.D.N.Y. Sept. 8, 1995). In addition, venue must be proper for each of the new claims raised. *See PI, Inc.*, 907 F.Supp. at 757 (S.D.N.Y.1995); *see also Rothstein v. Carriere*, 41 F.Supp.2d 381, 386 (E.D.N.Y.

1999); *Reynolds Corp. v. National Operator Services, Inc.*, 73 F.Supp.2d 299, 305 (W.D.N.Y.1999).

For the purposes of venue in an action under 42 U.S.C. § 1983, defendants who are sued in their official capacity "reside" where they perform their official duties. *See Akbar, Islam*, 1995 WL 539638, at *1; *Bailey v. Hardy*, No. 94 Civ. 2805, 1994 WL 440929, at *1 (S.D.N.Y. Aug. 11, 1994). Commissioner Goord and Doctor Wright work at the Department of Correctional Services in Albany, New York, located in the Northern District of New York, and the remaining eighteen defendants apparently work at Clinton, located in the Western District of New York. In any event, the plaintiff has not indicated that any of the additional defendants perform their official duties in the Southern District of New York. Thus, venue cannot be proper under 28 U.S.C. § 1391(b)(1).

The second prong of the venue statute is also unhelpful to the plaintiff because his new claims concern events that took place solely at Clinton. Nonetheless, the plaintiff raises a claim of conspiracy under 42 U.S.C. § 1985(3) (Supp. Compl. at 25–27), and contends that the purported violations of his civil rights at Green Haven and Clinton should be viewed as a "pattern of events, which started at one facility and continue[s] in another[.]" (Plaintiff's Memorandum of Law dated June 20, 2000 ("Pl.Memo."), at 4). If Mr. Amaker were successful in establishing a colorable conspiracy claim under 28 U.S.C. § 1985(3), venue would be proper in this district because a substantial part of the events related to such a conspiracy occurred at Green Haven, located in the Southern District of New York. *See* 28 U.S.C. § 1391(b)(2); *Cooper v. Molko*, 512 F.Supp. 563, 566 (N.D.Cal.1981) (assuming 28 U.S.C. § 1391(b) applicable in civil rights conspiracy cases); *United States ex rel. Thomas v. Rundle*, 371 F.Supp. 252, 254 (E.D.Pa.1974) (same); *see also Brown v. Rochester Super 8 Motel*, 899 F.Supp. 151, 151 (S.D.N.Y.1995) (28 U.S.C. § 1391 appropriate for cases arising "out of federal civil rights law"); *Kupcho v. Steele*, 651 F.Supp.

---

**11.** 28 U.S.C. § 1406(a) provides, in part, that "[t]he district court of a district in which is filed a case laying venue in the wrong ... district shall dismiss[] or ... transfer such case to any district ... in which it could have been brought."

797, 800 n. 6 (S.D.N.Y.1986) (no special venue statute governing civil rights cases).

■ To state a Section 1985(3) claim the plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL–CIO v. Scott,* 463 U.S. 825, 828–29, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983); *see also Brown v. City of Oneonta,* 221 F.3d 329, 341 (2d Cir.2000). To satisfy the first element, a plaintiff must allege facts from which an agreement or mutual understanding among the defendants may be inferred. *See Bruce v. Goord,* No. 98–CV–6088, 1999 WL 1050090, at *3 (E.D.N.Y. Nov. 12, 1999); *Brown v. Sara Lee Corp.,* No. 98 Civ. 1593, 1998 WL 809518, at *2 (S.D.N.Y. Nov. 19, 1998); *James v. Artuz,* No. 93 Civ.2056, 1998 WL 50206, at *5 (S.D.N.Y. Feb.6, 1998).

Here, the plaintiff's allegations are too conclusory to establish a conspiracy at all. *See Pinaud v. County of Suffolk,* 52 F.3d 1139, 1156 (2d Cir.1995); *Hayes v. Sweeney,* 961 F.Supp. 467, 478 (W.D.N.Y.1997). Mr. Amaker asserts that "75% of the [Clinton's] officers were coming from [Green Haven and] ... apparently knew of my pending litigations against [Green Haven] officers who attacked me." (Supp. Compl. at 16). The only discernible fact that the plaintiff provides in support of this allegation concerns a rough search conducted at Clinton in which he "was clearly made aware by C.O. Gideon about the recognition of the pending litigation against [Green Haven]." (Supp. Compl. at 22). According to the plaintiff, Officer Gideon shouted during the search; "[H]urry up N——r this isn't [Green Haven] ... [T]hat['s] right I remember you[.] You['re] lucky we let you live .... [T]hey should have killed you[ ] ... back in [Green Haven]." (Supp. Compl. at 22). But retaliation against an inmate in one prison based on his reputation at a different correctional fa-

cility does not create the inference of a conspiracy between correctional officers at the two institutions. Thus, the facts asserted do not suffice to allege a conspiracy.

The plaintiff, who purports to be a member of the Nation of Islam, also maintains that he had problems receiving his Ramadan meals during a brief stay at the Wende Correctional Facility ("Wende") in the Western District of New York. (Supp. Compl. at 6). He claims that this alleged discrimination was the result of orders from George Schneider, Deputy Superintendent at Green Haven, motivated by Mr. Schneider's "intentional racial hatred." (Supp. Compl. at 6). Yet, Mr. Amaker does not provide any details to support this vague allegation—neither the substance of the purported conversations between Mr. Schneider and officials at Wende, nor any other fact that would tend to establish a conspiratorial link between Green Haven, Wende, and Clinton. In short, the plaintiff simply fails to allege that the "defendants engaged in acts that are reasonably related to promoting the claimed conspiracy." *Hayes,* 961 F.Supp. at 478 (citation omitted). Thus, in the absence of a valid conspiracy claim, the Southern District of New York is not an appropriate venue under the second prong of 28 U.S.C. § 1391(b) because there is nothing to connect the events in Clinton complained of in Mr. Amaker's new claims with the incidents at Green Haven alleged in the plaintiff's original complaint.

■ Finally, the third section of the venue statute is inapplicable here. It is clearly not the case that "there is no district in which the action may otherwise be brought." 28 U.S.C. 1391(b)(3). Venue appears to be proper in the Western District of New York under both the first and second prongs of the statute: most of the new defendants work in Clinton, and all of the incidents giving rise to the additional claims occurred there. None of the three statutory standards for venue can give Mr. Amaker's new claims a home in the Southern District of New York, and, therefore, amendment would be futile because these claims cannot survive a motion to dismiss for improper venue.

*Conclusion*

For the reasons stated above, the plaintiff's motion to amend and supplement his complaint is denied without prejudice to his asserting the new claims in a proper venue. Discovery shall be completed by January 31, 2000. The pretrial order shall be submitted by February 28, 2001, unless any dispositive motion is filed by that date. If such a motion is filed, the pretrial order shall be submitted thirty days after the motion is decided.

SO ORDERED.