**Deborah R. COLE, Appellant**

v.

**The BOEING COMPANY, Appellee.**

No. 14–7185.

United States Court of Appeals, District of Columbia Circuit.

Nov. 3, 2015.

Arinderjit Dhali, Dhali PLLC, Washington, DC, for Appellant.

Michael J. Murphy, Ogletree, Deakins, Nash, Smoak & Stewart, PC, Washington, DC, for Appellee.

Before: BROWN and SRINIVASAN, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

*JUDGMENT*

PER CURIAM.

This case was considered on the record from the district court and on the briefs of the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the district court's denial of the plaintiff's request for transfer be affirmed for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en Banc. See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.

**MEMORANDUM**

Deborah Cole filed a variety of claims against her former employer, Boeing, based on alleged employment discrimination, sexual harassment, and retaliation occurring in both the District of Columbia and Virginia. Cole filed her complaint in the D.C. Superior Court, bringing both her Virginia- and D.C.-based claims under the D.C. Human Rights Act (DCHRA), D.C.Code § 2–1401.01 *et seq.* (2007). Boeing removed the case to federal district court based on diversity of citizenship. It then moved to dismiss the D.C.-based claims for failure to state a claim and the Virginia-based claims for lack of subject-matter jurisdiction under the DCHRA because the DCHRA requires that the discriminatory acts occur in D.C. The district court dismissed with prejudice all claims based on actions in Virginia for lack of subject-matter jurisdiction. It also dismissed most of the D.C.-based claims for failure to state a claim, leaving only the D.C.-based retaliation claims. Cole does not contest the dismissals on appeal.

In March 2012, Cole sought leave to amend the complaint to add claims under Title VII, 42 U.S.C. § 2000e *et seq.*, based on the same facts already alleged. By that time, the Title VII statute of limitations period had elapsed, and Cole could no longer file a new claim in Virginia. Boeing opposed Cole's motion for leave to amend her complaint. In a single sentence of her reply brief supporting her motion for leave to amend her complaint, Cole for the first time asked in the alternative for a transfer of the case to Virginia.

In November 2012, the district court ruled on Cole's motion. The court allowed Cole to add Title VII claims based on the same facts as the D.C.-based retaliation

claim which had not been dismissed. But the court concluded that adding Virginia-based Title VII claims would be futile because the D.C. district court would be an improper venue for those claims under Title VII (a conclusion that Cole does not contest). The court also refused to allow her to add Title VII claims based on the same (D.C.-based) facts as the claims that had been dismissed for failure to state a claim.

At a scheduling hearing in October 2013, Cole's counsel began inquiring about adding Virginia-based claims. He asked the court to transfer the case to the Eastern District of Virginia because the court had decided it did not have jurisdiction over the Virginia-based claims. The district court declined to transfer the case because the only remaining claims—the D.C.-based retaliation claims—could not be brought in Virginia. The court ultimately granted summary judgment to Boeing on those remaining claims.

Cole then brought this appeal. The only issue she raises is whether the district court erred by refusing to transfer the case to the Eastern District of Virginia. We review a denial of transfer for abuse of discretion. *McFarlane v. Esquire Magazine,* 74 F.3d 1296, 1301 (D.C.Cir.1996).

Cole raised the issue of transfer twice: in the one sentence in her reply brief regarding the motion to amend the complaint in March 2012, and at the scheduling hearing in October 2013. As to the latter, at the time of the scheduling hearing, the district court could not have transferred the case to Virginia. The only remaining claims were the D.C.-based DCHRA and Title VII retaliation claims. Venue for those claims lay in D.C., not Virginia. The district court could have transferred the claim only to a district "where [the action] might have been brought." 28 U.S.C.A § 1404(a). Cole makes no argument that

venue for the D.C.-based actions would have been appropriate in Virginia.

As a result, Cole is left with an argument that the district court should have transferred her case when it previously ruled on her motion to amend the complaint. By that point, Cole's Virginia-based DCHRA claims had already been dismissed, and her Virginia-based Title VII claims did not yet exist (she was asking for leave to add them in the amendment). Thus, any argument that the district court should have transferred the case at that point necessarily also involves a challenge to the court's denial of leave to amend: the court would have had to grant leave to amend to add new Virginia-based Title VII claims *and then* grant transfer to Virginia.

As with a denial of transfer, we review the denial of leave to amend for abuse of discretion. *James Madison Ltd. v. Ludwig,* 82 F.3d 1085, 1099 (D.C.Cir.1996). A plaintiff needs the court's leave to amend (or the other party's consent) once 21 days have passed after service of the complaint, and "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a). Courts often deny an amendment which would be futile because the amended claims could not survive a motion to dismiss. *See* 6 Charles Alan Wright et al., Federal Practice and Procedure § 1487 (3d ed.2004) (noting that an amendment should be denied when it "clearly is frivolous, advanc[es] a claim or defense that is legally insufficient on its face, or ... fails to include allegations to cure defects in the original pleading"); *James Madison,* 82 F.3d at 1099. In that vein, several decisions have found it futile to add new claims for which venue would be improper. *See, e.g., Dehaemers v. Wynne,* 522 F.Supp.2d 240, 247 (D.D.C.2007); *Dorman v. Thornburgh,* 740 F.Supp. 875, 880 (D.D.C.1990); *Gordon v. Courter,* No. 14–1382(CKK), ——

F.Supp.3d ——, ——, 2015 WL 4602588, at *10 (D.D.C. July 31, 2015); *Amaker v. Haponik,* 198 F.R.D. 386, 390–93 (S.D.N.Y.2000); *but see Bullock v. Wash. Metro. Area Transit Auth.,* 943 F.Supp.2d 52 (D.D.C.2013) (allowing amendment in improper venue and then transferring the case as amended).

As in those cases, venue would have been improper in D.C. for Cole's Virginia-based amended claims (as Cole does not contest on appeal). Cole elected to sue in D.C. rather than Virginia, and she raised the possibility of transfer only obliquely in her reply brief supporting her motion to amend the complaint. Even if the district court *could* have allowed Cole to amend her complaint and then transferred the case to Virginia, the court also had the option of denying leave to amend because the new claims could immediately be dis-missed for improper venue (or because the court did not think amendment would be in the interests of justice). It is not an abuse of discretion to refuse to add new claims that could not survive a motion to dismiss. Because the district court was within its discretion in denying leave to amend, there was necessarily no need to grant a transfer: the remaining claims all involved actions in D.C. that could not have been transferred to Virginia.

For those reasons, we affirm the district court's denial of the transfer to Virginia.