**Athanasios RODITIS and Cathy Roditis, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 1203, Docket 96–6231.**

United States Court of Appeals, Second Circuit.

Argued April 8, 1997.

Decided Aug. 6, 1997.

Michael L. Goldman, Goldman & Rio, New York City, for plaintiffs-appellants.

Tracey L. Salmon, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY (Varuni Nelson, Assistant United States Attorney, Zachary W. Carter, United States Attorney, on the brief), for defendant-appellee.

Before: VAN GRAAFEILAND and WALKER, Circuit Judges, and MURTHA, District Judge.*

PER CURIAM.

Plaintiffs, Athanasios and Cathy Roditis, appeal from a judgment of the United States District Court for the Eastern District of New York (Manuel L. Real, District Judge, of the United States District Court for the Central District of California, sitting by designation), granting summary judgment in favor of the United States and dismissing plaintiffs' suit seeking recovery under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–80, for personal injuries Athanasios Roditis suffered while delivering building material to an independent contractor performing construction work on the premises of the United States Post Office in Great Neck, New York. Plaintiffs assert (1) that the district court erred in granting defendant's motion for summary judgment because there exists a material issue of fact as to whether the location at which the injury occurred was within the control of the United States at the time of the accident and (2) that, even if the injury occurred within an area under the control of an independent contractor, the United States is liable because, under New York tort law, a landowner owes a nondelegable duty to maintain its property. We reject both assertions and affirm.

## I. BACKGROUND

On March 25, 1992, Athanasios Roditis ("Athanasios") slipped and fell on a patch of ice while attempting to negotiate a three-step flight of stairs in the rear of the United States Post Office in Great Neck, New York, injuring his back. At the time of the accident, Beys Specialty Contracting Corporation ("Beys Specialty") was constructing an underground parking area at the post office pursuant to a contract with the United States Postal Service ("USPS"). On the day of the incident, Athanasios was delivering materials to the construction site, located to the rear of the post office, for one of the project's subcontractors.

According to Athanasios, the accident occurred as he walked from the post office's parking lot to Beys Specialty's foreman to tell the latter that he had just arrived with a delivery of construction material. On the way, Athanasios claimed that he slipped on the stairs because snow and ice had not been properly cleared. According to plaintiffs, Athanasios was taken to a hospital and diagnosed as suffering from a recurrent herniated disc and other injuries.

Pursuant to 28 U.S.C. § 2675(a), plaintiffs filed two administrative claim forms, dated June 18 and July 21, 1992, alleging entitlement to recovery for injuries suffered as a result of the fall. On the forms, plaintiffs

---

* The Honorable J. Garvan Murtha, Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

sought as much as $2,000,000 in recovery. Although Cathy Roditis ("Cathy"), Athanasios's wife, is named as a "claimant" on the forms, she did not sign the form or state, even in the most general terms, an injury connected with the accident. Following the denial of plaintiffs' claims, they filed an action in the United States District Court for the Eastern District of New York seeking $5,000,000 in damages for Athanasios's injuries and $1,000,000 in damages for Cathy's alleged loss of consortium. The United States answered alleging that an independent contractor, not the United States, was responsible for Athanasios's injuries and that Cathy had not stated a claim because she had failed to exhaust her administrative remedies as required by the FTCA.

After a period of discovery, plaintiffs moved to strike the United States' defense to Cathy's claim. The United States opposed the plaintiffs' motion to strike and filed a cross-motion for summary judgment on the entire complaint. After oral argument, the district court denied plaintiffs' motion to strike and granted defendant's motion for summary judgment. The district court concluded that, under the FTCA, the United States is not liable for the negligence of its independent contractors and that the area in which the accident occurred was controlled by the general contractor, Beys Specialty, and not the United States.

## II. DISCUSSION

On appeal, plaintiffs contend that the district court erred in granting summary judgment because there exists a genuine issue of material fact with respect to whether the accident site was under the control of Beys Specialty or the United States. In the alternative, plaintiffs argue that even if Athanasios fell within an area controlled by Beys Specialty, the United States is liable because under New York tort law a landowner owes a nondelegable duty to maintain its property.

### A. *Control Over the Accident Site*

On appeal, we review a district court's grant of summary judgment *de novo*, drawing all inferences from the underlying facts in favor of the nonmovant. *See Quaratino v.* *Tiffany & Co.*, 71 F.3d 58, 64 (2d Cir.1995). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1607, 26 L.Ed.2d 142 (1970). Mindful of these standards, we agree with the district court that there is no genuine issue of material fact and that the United States is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56.

■ Plaintiffs' affidavit, filed in opposition to the United States' motion for summary judgment, states that no construction work was being done on the steps at the time of the accident and that there were no barricades or warning signs indicating that the area was off-limits. This evidence, however, even viewed in the light most favorable to plaintiffs, fails to establish that the USPS controlled or otherwise had responsibility for the area in question. That the stairs themselves were not under construction, or immediately surrounded by active construction work, is not dispositive. The span of a construction site is not limited to the precise area where the construction is taking place; it includes adjacent areas as well. Moreover, the absence of barricades or warning signs does not establish that the area was outside the control of the independent contractor.

Additional evidence leads conclusively to the fact that the locus of the accident was within the zone controlled by the Beys Specialty. Edgar Penny, the chief custodian of the Great Neck Post Office, on at least five occasions during his deposition, firmly and unequivocally stated that the area in which Athanasios fell was "off limits" to postal workers and used solely by the construction workers. Plaintiffs proffered no reasonably credible evidence in rebuttal. In addition, plaintiffs' own photographs indicate that the rear entrance of the post office, which is immediately adjacent to the spot where Athanasios fell, was boarded up—an unmistakable indication that the area where the accident occurred was within the zone of construction. *See* Brief for the United States, Addendum A, at 1.

## B. *Nondelegable duty*

Plaintiffs argue in the alternative that, even assuming that the accident site was not within the control of the USPS, the United States is nonetheless liable because, under New York law, a landowner who holds property open to the public has a nondelegable duty to ensure that the premises are safe. *See, e.g., Thomassen v. J & K Diner, Inc.*, 152 A.D.2d 421, 549 N.Y.S.2d 416, 417 (N.Y.App.Div.1989). Even assuming such a nondelegable duty exists, plaintiffs nonetheless are foreclosed under the FTCA from a recovery based on such a duty.

■ Consent of the United States to be sued "'cannot be implied, but must be unequivocally expressed.'" *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976) (quoting *United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969)). In the FTCA, Congress waived the United States' sovereign immunity for suits arising from any injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). "Employee" under the FTCA, however, specifically excludes "any contractor with the United States." 28 U.S.C. § 2671; *United States v. Orleans*, 425 U.S. 807, 813–14, 96 S.Ct. 1971, 1975–76, 48 L.Ed.2d 390 (1976); *Logue v. United States*, 412 U.S. 521, 526–27, 93 S.Ct. 2215, 2218–19, 37 L.Ed.2d 121 (1973). Thus, as a general rule, sovereign immunity precludes suits against the United States for injuries caused by its independent contractors.

■ The facts, viewed in the light most favorable to plaintiffs, fail to support a reasonable inference that Beys Specialty was an "employee" within the meaning of the Act. The United States did not maintain control of "the detailed physical performance of the contractor," *Logue*, 412 U.S. at 527–28, 93 S.Ct. at 2219–20 or supervise "its day-to-day operations," *Orleans*, 425 U.S. at 815, 96 S.Ct. at 1976. The only arguable indicia of control, the government's retention of a right to inspect the progress of construction, does not convert a contractor into a federal em-

ployee. *See, e.g., Leone v. United States*, 910 F.2d 46, 50 (2d Cir.1990).

■ Plaintiffs, however, contend that under New York's putative nondelegable duty, *see* 28 U.S.C. § 1346(b) (noting that liability under the FTCA is determined "in accordance with the law of the place where the act or omission occurred"), recovery is possible notwithstanding the FTCA's independent contractor exception. This argument fails for two reasons.

First, as the Supreme Court has explained, in adopting the independent contractor exception to liability, Congress did not simultaneously adopt the exceptions to that doctrine. *See Logue*, 412 U.S. at 528, 93 S.Ct. at 2219; *see also Basher v. United States*, No. 92–CV–186, 1995 WL 646343, at *3 (D.Conn. Mar.14, 1995) (Cabranes, *J.*). Thus, any state law nondelegable duty cannot, on its own, override the United States' sovereign immunity from suits for injuries caused by its independent contractors. *See Berkman v. United States*, 957 F.2d 108, 112 (4th Cir.1992) (holding FTCA exemption of liability for government contractors preempts state law where it imposes nondelegable duties); *Hall v. United States*, 825 F.Supp. 427, 431–32 (D.N.H.1993) (United States not liable where plaintiff was injured in an elevator in government building and elevator maintenance delegated to independent contractor); *Rowell v. United States*, No. 89–Civ–8418, 1992 WL 315653, at *2 (S.D.N.Y. Oct.16, 1992) (noting that if plaintiff "could predicate government liability upon New York laws imposing nondelegable duties upon landowners ... he would subvert the express mandates of the FTCA that preclude making the government liable for acts of its independent contractors"); *Smith v. United States*, 674 F.Supp. 683, 686 (D.Minn. 1987); *Aetna Life & Cas. Ins. Co. v. United States*, 508 F.Supp. 298, 301 (N.D.Ill.1981). *But see Dickerson, Inc. v. United States*, 875 F.2d 1577, 1582–83 (11th Cir.1989) (holding that "the independent contractor exception in the FTCA would not insulate the Government from the contractor's negligence if the duty was non-delegable under [state] law").

Plaintiffs' theory fails for a second reason. State law nondelegable duties imposed on landowners would result, in cases such as

this, in a form of strict liability against the United States for injuries caused by its independent contractors. The FTCA, however, precludes government liability absent a negligent act, and, thus, "does not extend to liability without fault." *Dalehite v. United States,* 346 U.S. 15, 44, 73 S.Ct. 956, 972, 97 L.Ed. 1427 (1953); *see also Schneider v. United States,* 734 F.Supp. 239, 248 (E.D.La.1990); *Maltais v. United States,* 546 F.Supp. 96, 101 (N.D.N.Y.1982) (Miner, *J.*), *aff'd,* 729 F.2d 1442 (2d Cir.1983) (mem.); *Dumansky v. United States,* 486 F.Supp. 1078, 1093 (D.N.J.1980).

Accordingly, in rejecting plaintiffs' arguments, we hold that in this suit under the FTCA, where the United States is wholly without fault, the federal government may not be held liable for a negligent or wrongful act or omission of an independent contractor even where state law would impose liability in such instances.

### III. CONCLUSION

We have considered all of plaintiffs' remaining contentions and have found them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.