13-3880-cv
Haskin v. United States

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of June, two thousand fourteen.

PRESENT: JOHN M. WALKER, JR.,
         DENNY CHIN,
         CHRISTOPHER F. DRONEY,
             <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

GREGORY HASKIN, STEPHANIE BUCK HASKIN,
             <u>Plaintiffs-Appellants</u>,

             -v-                   13-3880-cv

UNITED STATES OF AMERICA, ANDIFRED REALTY CORP.,
             <u>Defendants-Cross Defendants-
             Cross Claimants–Appellees</u>,

PRECISE DETAILING, LLC,
             <u>Defendant-Cross Defendant-
             Cross Claimant.</u>

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

FOR PLAINTIFFS-APPELLANTS:

JOHN V. DECOLATOR, Esq., Garden City, New York.

FOR DEFENDANTS-CROSS DEFENDANTS-CROSS CLAIMANTS-APPELLEES:

ROBERT W. SCHUMACHER (Varuni Nelson, on the brief), Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney, Eastern District of New York, Central Islip, New York.

KEVIN J. SPENCER, Esq., New York, New York, for Andifred Realty Corporation.

Appeal from the United States District Court for the Eastern District of New York (Brodie, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED**.

Plaintiffs-appellants Gregory Haskin ("Haskin") and Stephanie Buck Haskin appeal from the judgment of the district court entered September 11, 2013, dismissing their complaint for lack of subject matter jurisdiction. This matter arises from a slip-and-fall incident, in which Haskin sustained injuries on an icy sidewalk outside a branch of the United States Postal Service (the "USPS"). We assume the parties' familiarity with the facts, procedural history, and issues for review, which we summarize briefly below.

## 1. Relevant Facts and Procedural History

On December 19 and December 20, 2009, approximately 15 inches of snow fell outside the USPS branch (the "Branch") in Glen Head, New York. The Branch is located in a business complex owned by defendant-appellee Andifred Realty Corporation ("Andifred"). Between December 19 and December 21, 2009, defendant Precise Detailing LLC ("Precise"), a snow-plowing company that the USPS had contracted to provide snow and ice removal services, visited the Branch at four different times to remove snow and ice and apply ice melt chemicals.[1]

In its contract with the USPS (the "Contract"), Precise agreed to provide snow and ice removal services at the Branch from November 15, 2009 through November 14, 2010. Precise agreed to "furnish all labor, materials, supervision, and equipment necessary to provide snow removal, snow/ice plowing and salt/sanding services" for specified areas of the Branch's premises. J.A. 627 (capitalization altered). The Contract required Precise to plow snow "automatically . . . without notification" when snow accumulation reached two inches. J.A. 628 (capitalization altered). The Contract also provided that

---

[1] In the proceedings below, Precise asserted that it visited the Branch at approximately 5:00 a.m. on December 21, 2009, the morning of Haskin's slip-and-fall. The Haskins disagreed, arguing that, had Precise actually applied ice melt chemicals that morning, there would have been no ice on the Branch's sidewalks when Haskin fell.

-3-

the USPS could summon Precise for snow removal even when snowfall was less than two inches. Under the Contract, Precise was required to respond to the USPS's calls within one hour and to respond within two hours to snowfall of two inches or more. The USPS also reserved the right to call Precise back to remove snow in areas Precise missed or did not plow to the USPS's satisfaction. The USPS, however, also kept shovels and ice melt at the Branch. If USPS employees saw any snow or ice on sidewalks leading to the Branch, they would either call Precise or remove the precipitation themselves.

On December 21, 2009, less than two inches of snow fell. At approximately 5:15 a.m., USPS employee Fred Nizzari arrived at the Branch; he unlocked the Branch's front door at approximately 5:30 a.m. Nizzari normally inspected the sidewalks surrounding the Branch to make sure they were clear. Later that morning, at approximately 8:00 a.m., Haskin slipped and fell on an icy sidewalk in front of the Branch.

On November 3, 2010, Haskin and his wife Stephanie Buck Haskin filed suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, and against Andifred and Precise for state law negligence.

On September 4, 2013, the district court (1) granted the Government's motion to dismiss for lack of

subject matter jurisdiction and (2) declined to exercise supplemental jurisdiction over the Haskins' state law negligence claims against Andifred and Precise.  This appeal followed.

## 2.    Standard of Review and Applicable Law

We review de novo a district court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, construing all ambiguities and drawing all inferences in the non-moving party's favor.  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006); Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it."  Marakova, 201 F.3d at 113.  "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence."  Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

"[A]s a general rule, sovereign immunity precludes suits against the United States for injuries caused by its independent contractors."  Roditis v. United States, 122 F.3d 108, 111 (2d Cir. 1997).  Under the FTCA, however, parties may sue the United States for "injur[ies] . . .

-5-

caused by the negligent or wrongful act or omission of any employee of the Government." 28 U.S.C. § 1346(b)(1). As it creates a waiver of sovereign immunity, the FTCA "is to be strictly construed in favor of the government." <u>Liranzo v. United States</u>, 690 F.3d 78, 84 (2d Cir. 2012) (internal quotation marks omitted). Under the FTCA's independent contractor exception, "where the United States is <u>wholly without fault</u>, the federal government may not be held liable for a negligent or wrongful act or omission of an independent contractor even where state law would impose liability." <u>Roditis</u>, 122 F.3d at 112 (emphasis added).

## 3. Application

On appeal, the Government argues that the district court correctly dismissed the Haskins' FTCA claims as barred by sovereign immunity. The district court -- the Government asserts -- correctly read the Contract to "unambiguously delegate[] all snow removal responsibility to Precise when snow accumulation was over two inches." Gov't Br. at 9 (citing <u>Haskin v. United States</u>, No. 10-cv-5089, 2013 WL 4761110, at *9 (E.D.N.Y. Sept. 4, 2013)). The Government contends that, as the record contained "no evidence that the United States controlled Precise's physical performance of the Contract or instructed Precise on a daily basis," the district court "properly held that the United States had not waived sovereign immunity with

-6-

respect to [the Haskins'] claims." Gov't Br. at 11. We are not persuaded.

We conclude that the district court prematurely dismissed the Haskins' suit for lack of subject matter jurisdiction, as genuine issues of material fact existed concerning the alleged negligence of USPS employees. See Logue v. United States, 412 U.S. 521, 532-33 (1973) (vacating dismissal of FTCA claim and remanding to determine whether government employee's negligence -- separate from independent contractor's negligence -- caused injuries); see also, e.g., Pelchy v. United States, 549 F. Supp. 2d 198, 204 (N.D.N.Y. 2008) (denying Government's motion to dismiss FTCA claim on sovereign immunity ground because "it is not yet clear as a matter of law that [the independent contractor] was solely responsible for the defective property condition").

The record contains evidence from which a reasonable jury could find that Haskin's injury resulted from the negligence of USPS employees. Here, the USPS chose to contractually delegate some -- but not all -- of its snow removal responsibilities to Precise. Cf. Roditis, 122 F.3d at 110 (noting that construction area in which plaintiff fell was "off limits" to government employees and "used solely by" independent contractor). At a minimum, the USPS retained responsibility for inspecting the

Branch's sidewalks when less than two inches of snow fell. In such circumstances, as was the case on December 21, 2009, USPS employees could either (1) ask Precise to come to the Branch or (2) remove the snow and ice themselves. Indeed, USPS employees customarily checked the sidewalks surrounding the Branch for snow and ice, and kept shovels and ice melt chemicals at the Branch to remove snow and ice themselves.

Under New York law, an occupier of land has "a duty to exercise reasonable care under the circumstances in maintaining its property in a safe condition." Kush v. City of Buffalo, 59 N.Y.2d 26, 29 (1983); see also Zuckerman v. State, 618 N.Y.S.2d 917, 918 (2d Dep't 1994) ("[T]he owner or possessor of property [has] the duty to make reasonable efforts to inspect the property so as to determine the presence of dangerous conditions"). As the district court correctly observed, a duty under "state law cannot override the United States' sovereign immunity from suits for injuries caused by the torts of its independent contractors." Haskin, 2013 WL 4761110, at *11 (internal quotation marks omitted); see also Roditis, 122 F.3d at 111 (same). The Haskins' claims, however, are not premised solely on the "torts of [an] independent contractor[]," nor are they proceeding against the USPS on a respondeat superior theory. Haskin, 2013 WL 4761110, at *11. Rather,

they allege direct negligence on the part of USPS employees. Sovereign immunity does not shield the Government from such claims of direct negligence. See Logue, 412 U.S. at 532-33.

A reasonable jury could conclude, therefore, that Haskin was injured by the negligence of USPS employees -- specifically, their failure to detect and remove ice on the sidewalks surrounding the Branch, or their failure to summon Precise to remove the ice. Under the FTCA, the district court has jurisdiction to resolve such claims. See 28 U.S.C. § 1346.

Accordingly, we determine that the district court erred in dismissing the Haskins' complaint for lack of subject matter jurisdiction, as factual issues were presented concerning the USPS employees' alleged negligence. We express no opinion on the merits of the controversy.

* * *

We have considered the Government's remaining arguments and conclude they are without merit. For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for proceedings not inconsistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-9-