Postiglione v Sacks & Sacks, LLP (2024 NY Slip Op 06070)

Postiglione v Sacks & Sacks, LLP

2024 NY Slip Op 06070

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2022-01198
 (Index No. 513779/19)

[*1]James Postiglione, et al., respondents,
v
Sacks & Sacks, LLP, et al., appellants.

Winget, Spadafora & Schwartzberg, LLP, New York, NY (Kenneth A. McLellan, Keith R.M. Roussel, Mendel Konikov, Gina Kim, and Harris B. Katz of counsel), for appellants.
The Gold Law Firm, P.C., Bellmore, NY (Karen C. Higgins and Jeffrey B. Gold of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the defendants appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated January 19, 2022. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In April 2016, the plaintiff James Postiglione (hereinafter the injured plaintiff) allegedly was injured while working as an independent contractor at a site owned and maintained by the United States Government and the United States National Park Service (hereinafter NPS). Shortly thereafter, the plaintiffs retained the defendant Daniel Weir and his law firm, the defendant Sacks & Sacks, LLP, to represent them, and the defendants commenced a personal injury action in New York State Supreme Court against, among others, the City of New York, which did not own, occupy, or control the site where the accident allegedly occurred. However, the defendants did not commence an action against the United States Government.
In 2019, the plaintiffs commenced this action against the defendants to recover damages for legal malpractice. Thereafter, the plaintiffs served an amended complaint, which alleged, inter alia, that a certain NPS employee told the injured plaintiff to walk only on the concrete path where the accident allegedly occurred and that the defendants committed legal malpractice by failing to commence a lawsuit against the United States Government. The defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order dated January 19, 2022, the Supreme Court, inter alia, denied that branch of the motion. The defendants appeal.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the court must accept the facts as alleged in the amended complaint as true, accord the plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Sokoloff v Harriman Estates Dev. Corp., 96 NY2d 409, 414; Pergament v Government [*2]Empls. Ins. Co. ["GEICO"], 225 AD3d 799, 800). "A motion to dismiss on the ground that the action is barred by documentary evidence pursuant to CPLR 3211(a)(1) may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, [thereby] conclusively establishing a defense as a matter of law" (Maursky v Latham, 219 AD3d 473, 475 [internal quotation marks omitted]).
"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (Alexim Holdings, LLC v McAuliffe, 221 AD3d 641, 643 [internal quotation marks omitted]). The Federal Tort Claims Act (hereinafter FTCA) "waived the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment" (Brownback v King, 592 US 209, 212 [internal quotation marks omitted]). This waiver, however, does not apply to liability arising out of the negligence of an independent contractor (see Haskin v U.S., 569 Fed Appx 12, 15 [2d Cir]) or a federal employee's exercise of a discretionary function (see 28 USC § 2680[a]; Simmons v Himmelreich, 578 US 621, 627).
Here, accepting the facts alleged in the amended complaint as true, and according the plaintiffs the benefit of every possible favorable inference, the amended complaint sufficiently states a cause of action to recover damages for legal malpractice. Moreover, the documentary evidence submitted by the defendants in support of their motion failed to utterly refute the factual allegations in the amended complaint. Contrary to the defendants' contentions, their evidence failed to conclusively establish that the independent contractor exception or the discretionary function exception to the FTCA's waiver of sovereign immunity applied to bar the plaintiffs' potential claim against the United States Government (see generally Haskin v U.S., 569 Fed Appx at 15; Andrulonis v U.S., 952 F2d 652, 655 [2d Cir]; Esgrance v United States, 2018 WL 2943222, *2, 2018 US Dist LEXIS 97911, *3-6 [SDNY, No. 17-CV-8352 (JPO)]; Lanzilotta v U.S., 1998 WL 765143, *5 [EDNY, No. 95-CV-5334 (JG)]). The defendants' contention that the United States Government cannot be liable under the Federal Tort Claims Act for an alleged negligent misrepresentation is not properly before us, as it was raised for the first time at oral argument.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court